IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CURTIS SHERROD                                                             PLAINTIFF

v.                                                    CASE NO. 1:21-CV-70-SA-DAS

SAFECO INSURANCE, A LIBERTY MUTUAL COMPANY            DEFENDANT

ORDER AND MEMORANDUM OPINION

On April 15, 2021, the Defendant, Safeco Insurance Company of Illinois, removed this action from the County Court of Lowndes County, Mississippi, to this Court, premising federal jurisdiction on the basis of diversity. *See* [1].[1] The Plaintiff, Curtis Sherrod, filed a Motion to Remand [8], arguing that this Court lacks jurisdiction because the amount in controversy requirement of 28 U.S.C. § 1332 is not satisfied. The Motion [8] has been fully briefed and is now ripe for review.

*Relevant Factual and Procedural Background*

On August 28, 2018, Sherrod, operating his 2016 Ford Focus, was traveling southbound on North Browder Street in Columbus, Mississippi. He alleges that a black BMW was traveling on Maxwell Lane, failed to stop at the stop sign at the intersection of Maxwell Lane and North Browder Street, and collided with his vehicle. Sherrod asserts that the driver of the black BMW fled the scene. Sherrod was transported to a local hospital, where he received treatment for injuries he sustained in the collision. According to the Complaint [2], "[t]he owner of the black BMW did not have insurance." [2], p. 2.

---

[1] Safeco notes that the Complaint [2] incorrectly names it as "Safeco Insurance, a Liberty Mutual Company." However, as stated in Safeco's Notice of Removal [1], "Safeco Insurance Company of Illinois is the full and correct name of the company that issued the subject policy." [1], p. 1.

Sherrod alleges that at the time of the collision, he was insured under a policy issued by Safeco. Specifically, he states that "he had uninsured motorist coverage on two vehicles in the amount of $25,000.00 each, which may be stacked under Mississippi law, thereby providing coverage of $50,000.00." [2], p. 2. He further alleges that Safeco has refused to pay his claim and, in doing so, acted in bad faith. As a result, Sherrod brought suit, "request[ing] damages for the policy limits in the amount of $50,000.00, plus damages to be determined by the Court up to the aggregate of total damages of $74,000.00." *Id*.

Safeco removed the action on April 15, 2021, asserting that federal diversity jurisdiction exists. Sherrod then filed a Motion to Remand [8], specifically contending that federal diversity jurisdiction is not present because the statutory amount in controversy requirement is not satisfied.

*Applicable Standard*

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the districts of the United States have original jurisdiction, may be removed by the defendant, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal courts are courts of limited jurisdiction. *Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir. 1982). Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a); *Addo v. Globe Life and Accidents Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000). After a case is removed, a plaintiff may move for remand, and "[i]f it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

2

Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The Fifth Circuit has held that the removal statutes are to be construed "strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-9, 61 S. Ct. 868, 85 L. Ed. 1214 (1941).

*Analysis and Discussion*

As previously stated, in order for diversity jurisdiction to exist, two requirements must be satisfied: "(1) complete diversity between the parties and (2) an amount in controversy in excess of $75,000." *Super Truck Stop 35-55, LLC v. Nissi Ins. Solutions, LLC*, 2016 WL 5477725 at *3 (N.D. Miss. Sept. 29, 2016) (citing 28 U.S.C. § 1332) (additional citation omitted). Here, there is no dispute that the first requirement is satisfied. Sherrod is a citizen of the State of Mississippi. Safeco is an Illinois corporation with its principal place of business in Massachusetts. Thus, the parties are completely diverse.

Turning to the amount in controversy requirement, "[i]t is axiomatic that the amount in controversy in a given action is determined from the complaint itself, unless it appears that the amount stated in the complaint is not claimed in good faith." *Reece v. Kanawha Ins. Co.*, 2008 WL 906512 at *2 (N.D. Miss. Apr. 2, 2018) (*citing Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353, 81 S. Ct. 1570, 6 L. Ed. 2d 890 (1961); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S. Ct. 586, 82 L. Ed. 845 (1938)). As quoted above, Sherrod requests damages "for the policy limits in the amount of $50,000.00, plus damages to be determined by the Court up to the aggregate of total damages of $74,000.00." [2], p. 2.

However, Safeco contends the amount in controversy requirement is satisfied based upon Sherrod's responses to certain Requests for Admission, specifically:

> **REQUEST FOR ADMISSION NO. 1:** Admit the total value of all of your claims for damages against Safeco does not exceed the amount of $75,000.00, exclusive of interest and costs.
>
> **RESPONSE:** Denied as stated.
>
> **REQUEST FOR ADMISSION NO. 2:** Admit you would not accept any sum greater than $75,000.00 for any damages even if awarded by a jury.
>
> **RESPONSE:** Denied as stated.
>
> **REQUEST FOR ADMISSION NO. 3:** Admit you will never seek to amend the Complaint to seek an amount above $75,000.00.
>
> **RESPONSE:** Denied as stated.
>
> **REQUEST FOR ADMISSION NO. 4:** Admit you will never seek a verdict greater than $75,000.00 from any jury hearing this action.
>
> **RESPONSE:** Denied as stated.
>
> **REQUEST FOR ADMISSION NO. 5:** Admit you will not seek a verdict in excess of $75,000.00, exclusive of interests and costs, at the trial of this matter.
>
> **RESPONSE:** Denied as stated.

[1], p. 4-5.

Relying on these responses, Safeco immediately filed its Notice of Removal [1] and asserts that "[b]ased upon Plaintiff's refusal to admit that he would not accept a verdict in excess of $75,000.00, exclusive of interest and costs, the amount in controversy is met in this case, and removal is proper." [1], p. 3.

In his Motion to Remand [8], Sherrod states that "[t]he Complaint does not request damages in excess of $74,000.00. The jurisdictional amount of $75,000.00 for jurisdiction was

requested and will not be sought. . . The amount will not be sought through amendment tor otherwise throughout the litigation of this suit." [8], p. 1. Sherrod also executed an Affidavit [9], wherein he states under oath that he "will not seek to amend the Complaint or otherwise seek to obtain damages in excess of $75,000.00 in this pending litigation." [9], p. 1.

In response, Safeco contends that although Sherrod's Affidavit states that he will not "seek" damages in excess of $75,000, he "does not state that he would not 'accept' a sum greater than $75,000 if awarded by a jury. In other words, [Sherrod's] responses to Safeco's requests for admissions are broader than [his] affidavit." [12], p. 2. Recognizing this argument, in his Reply [13], Sherrod states that he "has no objection to the Court declaring that Plaintiff is judicially estopped from accepting a jury award for damages above the amount of $75,000.00." [13], p. 1.

In accordance with Fifth Circuit precedent, this Court has routinely considered post-removal affidavits in determining the amount-in-controversy in a particular case if the amount in controversy is ambiguous at the time of removal. *See Byrd v. Food Giant Supermarkets, Inc.*, 2015 WL 1509487 at *1 (N.D. Miss. Mar. 31, 2015); *Perritt v. Westlake Vinyles Co. L.P.*, 562 Fed. Appx. 228, 232 (5th Cir. 2018) (noting that post-removal affidavits may be considered if the basis for jurisdiction is ambiguous at the time of removal); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

In the case at bar, the Complaint [2] itself is clear that Sherrod did not seek damages exceeding $75,000.00. However, based upon the above-quoted responses to the Requests for Admission, the amount in controversy may arguably have been ambiguous. Although Safeco, in its Response, raised some concern regarding the language utilized in Sherrod's Affidavit [9], the Court finds that the Affidavit [9], when coupled with his assertion in his Reply [13], rectified any

ambiguity as to the amount in controversy. In other words, considering the Affidavit [9] in conjunction with the other filings on record, the Court is satisfied that Sherrod does not seek to recover damages in excess of $75,000.00 in this case. The Court therefore finds that the amount in controversy requirement set forth in 28 U.S.C. § 1332 is not satisfied. This is particularly true when considering that "removal statutes are to be construed strictly against removal and for remand." *Daniels v. CVS Pharmacy, Inc.*, 2015 WL 47747346, at *1 (N.D. Miss. Aug. 13, 2015) (citations omitted). Consequently, subject matter jurisdiction is lacking, and this case must be remanded.

*Conclusion*

For the reasons set forth above, Sherrod's Motion to Remand [8] is GRANTED. This case is hereby REMANDED to the County Court of Lowndes County, Mississippi. The Clerk of Court is directed to take all steps necessary to accomplish this remand.

SO ORDERED, this the 13th day of August, 2021.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE